UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

MAMBU BAYOH,

                              PLAINTIFF,        **AMENDED COMPLAINT**

                  -AGAINST-                       13 CV 5525 (AT)

NEW YORK CITY, POLICE OFFICER ARTHUR
MCCARTHY, POLICE OFFICER CRAIG VITALE and
POLICE OFFICER JOHN DOE, individually, and in their
capacity as members of the New York City Police
Department,

                              DEFENDANTS.

------------------------------------------------------------------ x

[Stamp: RECEIVED DEC 03 2013 U.S.D.C. S.D.N.Y. CASHIERS]

## PRELIMINARY STATEMENT

1. This is a civil action in which plaintiff Mr. Mambu Bayoh ("Mr. Bayoh") seeks relief for the violation of his rights secured by 42 USC 1983, the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claims arise from an incident on or about June 2, 2013, in which officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected Mr. Bayoh to *inter alia* false arrest and excessive force.

3. Plaintiff seeks monetary damages (special, compensatory and punitive) against defendants and an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Southern District of New York in that the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

6. Plaintiff, Mr. Bayoh, is a 30-year old African American male.

7. Mr. Bayoh is a citizen of the United States and at all times here relevant resided at 101 Parker Street, Newark, NJ 07104.

8. New York City is a municipal corporation organized under the laws of the State of New York.

9. Police Officer Arthur McCarthy ("PO McCarthy"), Police Officer Craig Vitale ("PO Vitale") and Police Officer John Doe ("PO John Doe"), at all times here relevant were members of the NYPD, and are sued in their individual and professional capacities.

10. At all times mentioned, defendants were acting under color of state law, under color of the statutes, ordinances, regulations, policies, and customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

11. Mr. Bayoh is a college graduate and works as a fashion and art photographer.

12. Mr. Bayoh does not have a criminal record.

13. On June 2, 2013, Mr. Bayoh travelled from his home in Newark, New Jersey, to Queens, New York, in order help a friend at her restaurant.

14. At approximately 10:00 pm Mr. Bayoh left his friend's restaurant to travel home.

15. Mr. Bayoh took the Long Island Rail Road to Pennsylvania Station ("Penn Station") to transfer to a New Jersey Transit train to take him to Newark.

16. Mr. Bayoh arrived at Penn Station at 10:20 p.m.

17. Mr. Bayoh's transfer to Newark was scheduled to leave Penn Station at 10:57 p.m.

18. Mr. Bayoh decided to leave Penn Station and wait on the street until his train was scheduled to depart.

19. Mr. Bayoh went to 7th Avenue and 33rd Street and began to take photographs.

20. Mr. Bayoh observed PO McCarthy writing a summons to some white males for drinking alcohol in public.

21. Mr. Bayoh thought it was unusual that PO McCarthy allowed these individuals to continue to drink alcohol while PO McCarthy was writing each a summons.

22. Mr. Bayoh began to take pictures of PO McCarthy and the individuals who had been issued summons.

23. PO McCarthy noticed Mr. Bayoh taking pictures and approached Mr. Bayoh.

24. PO McCarthy stated in sum and substance to Mr. Bayoh, "'Don't you have anything better to do?"

25. PO McCarthy stated in sum and substance "Give me those photos, give me the camera."

26. Mr. Bayoh refused to give PO McCarthy his camera.

27. Then, without probable cause or legal justification, PO McCarthy arrested Mr. Bayoh.

28. PO McCarthy pushed Mr. Bayoh against the wall and took his camera from him.

29. PO Vitale and PO John Doe each grabbed one of Mr. Bayoh's arms and held him against the wall.

30. PO McCarthy then pushed Mr. Bayoh's face against the wall, causing bruising to Mr. Bayoh face.

31. Mr. Bayoh told PO McCarthy in sum and substance, "this is unnecessary".

32. PO McCarthy then stated to Mr. Bayoh in sum and substance, "Your lucky as fuck I didn't slam your face in the ground nigger".

33. Mr. Bayoh was transported to the 14th Precinct for processing.

34. At the 14th Precinct PO McCarthy continued to harass Mr. Bayoh by cursing and making derogatory comments towards him.

35. Mr. Bayoh asked Police Officer Pitt, who was at the 14th Precinct, to have PO McCarthy stop harassing him.

36. PO Pitt told PO McCarthy in sum and substance, "Enough, this is over, leave it alone".

37. Mr. Bayoh was then transported to Central Bookings to be arraigned.

38. On June 3, 2013, at approximately 9:00 p.m. Mr. Bayoh was arraigned on charges of Disorderly Conduct and Resisting Arrest.

39. Mr. Bayoh was released on his own recognizance and his case was adjourned to July 17, 2013.

40. After being released from jail, Mr. Bayoh retrieved his camera from police custody.

41. Mr. Bayoh tried to access his pictures on his camera, but all the pictures on his camera had been deleted.

4

42. Mr. Bayoh inserted his memory card into his computer and observed that the pictures were deleted at approximately 2:00 a.m. on June 2, 2013, while Mr. Bayoh was in police custody and the police had control of his camera.

43. On or about July 17, 2013, Mr. Bayoh went to New York Criminal Court and all charges against Mr. Bayoh were dismissed on motion of the New York County District Attorney's Office.

44. Mr. Bayoh continues to feel traumatized by the events of June 2013, and is wary and fearful when he sees police officers.

45. Mr. Bayoh takes efforts to avoid police officers when in public.

46. Mr. Bayoh suffered physical injuries as a result of this incident, including redness, swelling, bruising and pain to his back and his face.

47. Mr. Bayoh suffered following the incident and feels fear, embarrassment, humiliation, emotional distress, frustration, anxiety, loss of liberty, and financial loss.

## FIRST CAUSE OF ACTION

(42 USC 1983 – False Arrest)

48. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

49. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

50. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was falsely arrested by defendants.

51. Defendants confined plaintiff.

52. Plaintiff was aware of, and did not consent to, his confinement.

53. The confinement was not privileged.

54. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## SECOND CAUSE OF ACTION

(42 USC 1983 – Excessive Force)

55. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

56. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

57. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that defendants used excessive and unreasonable force in effecting the arrest of plaintiff.

58. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## THIRD CAUSE OF ACTION

(42 USC 1983 – Malicious Prosecution)

59. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

60. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

61. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was maliciously prosecuted by defendants.

62. The malicious prosecution was initiated by defendants without legal justification and without probable cause, in that defendants caused the commencement and continuation of criminal proceedings against plaintiff, the proceedings terminated in favor of plaintiff, and in that the action was commenced and continued intentionally and with malice and deliberate indifference to plaintiff's rights.

63. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## FOURTH CAUSE OF ACTION

(42 USC 1983 and Fourth Amendment – Unreasonable Seizure)

64. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

65. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

66. Defendants have deprived plaintiff of his right to be free of unreasonable searches, pursuant to the Fourth Amendment to the United States Constitution, in that defendants unreasonably seized plaintiff's camera.

67. Plaintiff had a possessory interest in his camera, the camera posed no imminent danger to defendants, and defendants acted unreasonably in the circumstances by seizing the camera and deleting all of the pictures on the camera.

68. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## FIFTH CAUSE OF ACTION

### (Failure to Intervene)

69. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

70. Defendant PO McCarthy arrested plaintiff without probable cause and used excessive force in effecting the arrest of plaintiff.

71. Defendants PO Vitale and PO John Doe were aware, or should have been aware, that PO McCarthy did not have probable cause to arrest plaintiff and was using excessive force in effecting the arrest of plaintiff.

72. Defendants PO Vitale and PO John Doe failed to intervene to prevent PO McCarthy from arresting plaintiff without probable cause and from using excessive force in effecting the arrest of plaintiff.

73. Defendants PO Vitale and PO John Doe had sufficient time to intercede and had the capability to prevent PO Mercado from arresting plaintiff without probable cause and from using excessive force in effecting the arrest of plaintiff.

74. Plaintiff has been damaged a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this court.

## SIXTH CAUSE OF ACTION

(Retaliatory Prosecution)

75. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

76. Plaintiff exercised his constitutional rights when taking photographs in public with his camera.

77. In retaliation, Defendants arrested and prosecuted Plaintiff without any legal justification or probable cause.

78. Plaintiff has been damaged a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this court.

## SEVENTH CAUSE OF ACTION

(42 USC 1983 –Denial of Right to a Fair Trial)

79. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

80. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

81. Defendants have deprived plaintiff of his right to a fair trial, pursuant to the Fifth and Sixth Amendments to the United States Constitution.

82. Defendants created false information likely to influence a jury's decision and then forwarded that information to prosecutors, resulting in plaintiff suffering a deprivation of liberty and a violation of his rights.

83. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## JURY DEMAND

84. Plaintiff demands a trial by jury.

WHEREFORE, plaintiff respectfully requests that the court enter a Judgment against defendants together with costs and disbursements as follows:

>In favor of plaintiff in an amount to be determined by a jury, but at least equal or exceeding the jurisdictional limit of this Court for each of plaintiff's causes of action;

>Awarding plaintiff punitive damages in an amount to be determined by a jury;

>Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action;

>And such other and further relief as the Court deems just and proper.

Dated:   New York, New York
        December 3, 2013

By: _____
Duncan Peterson (DP 7367)

PetersonDelleCave LLP
Attorney for Plaintiff
233 Broadway, Suite 1800
New York, NY 10279
(212) 240-9075